# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DAVID RODRIGUEZ-COTTO,**

    **Plaintiff,**

    **v.**

**CORPORACION DEL FONDO DEL SEGURO DEL ESTADO (CFSE), et al.,**

    **Defendants.**

**CIVIL NO: 16-2434 (PAD)**

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendants' motion for summary judgment in connection with plaintiff's remaining claims of failure to hire under the First Amendment pursuant to 42 U.S.C. § 1983, and parallel claims under local law (Docket No. 13). Plaintiff opposed the motion (Docket No. 37), defendants replied (Docket Nos. 82 and 89), and plaintiff surreplied (Docket No. 90). For the reasons explained below, the motion is GRANTED. The Section 1983 action is dismissed with prejudice and the state claims without prejudice.

## I. BACKGROUND

David Rodríguez Cotto is an employee of the Corporation of the State Insurance Fund of Puerto Rico ("CFSE" by its Spanish acronym). As relevant, he alleges to have unsuccessfully applied to eight positions,[1] and that he was turned down in each of those instances because of his affiliation to the New Progressive Party ("NPP") to favor people affiliated with the Popular

---

[1] The positions are Director of Adjudications, five positions as Attorney I in the Appeals Area, Appeals Director and Legal Advisor I. The latter position was referred to in the Complaint as "Legal Counsel . . . in the CFSE area of Collections and Embargo" (Docket No. 1 at ¶ 54).

Democratic Party ("PDP").[2] As a result, he sued the CFSE, the CFSE Administrator Liza M. Estrada Figueroa, the CFSE Human Resources Director Juan Zamora Santos and other unnamed individuals seeking injunctive relief, compensatory and punitive damages, prejudgment interest, costs, litigation expenses and attorney's fees under Federal and Puerto Rico law.[3] In turn, the CFSE, Estrada and Zamora moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## II.   SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate when the record shows no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation. Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011)(quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

In assessing a motion for summary judgment, the court must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor. Griggs-Ryan, 904 F.2d at 115 (citations omitted). There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood . Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court

---

[2] Rodríguez raised other claims but those claims were dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Nos. 100 and 102.

[3] Estrada and Zamora held those positions during the period relevant to the action.

may, however, safely ignore conclusory allegations, improbable inferences, and unsupported speculation. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).[4]

### III.   DISCUSSION

**A.  Personal Involvement**

Liability under Section 1983 may only be imposed upon state officials personally involved in the deprivation of a constitutional right. Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 583 (1st Cir. 1994).[5] From the allegations and the summary judgment record, the only evidence involving Zamora in the challenged personnel transactions relates to the position of Director of Adjudications. To that end, the complaint expresses that "[i]n order to prevent the plaintiff from obtaining … [the] position [of Director of Adjudications of the CFSE], and in order to appoint defendant Zamora Santos to the same, as in fact was done, the defendants Estrada Figueroa and Zamora Santos, in their respective official capacities, acting in concert and by common accord, changed the requirements of said position…. [and] [b]y removing said requisites, the position was 'tailor made' for defendant Zamora Santos, a [Popular Democratic Party] PDP militant, who did not meet the … requirements" (Docket No. 1 at ¶ 41). In support of the allegations, Rodríguez presented a letter dated July 13, 2014, from Zamora as Associate Director of Human Resources

---

[4] The defendants admitted to some of the facts stated in Rodríguez' additional statement of uncontested material facts at paragraphs eleven through seventeen. See (Docket Nos. 38-1 at 10-12, ¶¶ 11-17; 82-1, at 14-15, ¶¶ 11-17; 89-1, at 31-32, ¶¶ 11-17). However, they objected to some of the proposed facts in the paragraph listed here on the grounds that Rodríguez' unsworn statement under penalty of perjury is not admissible evidence (Docket No 38-1 at 10–13, ¶¶ 11-17) (Docket Nos. 82-1, at 14-15, ¶¶ 11-17; 89-1, at 31-32, ¶¶ 11-17). This objection lacks merit: "[u]nder federal law, an unsworn statement signed under penalty of perjury may be used, in lieu of a sworn statement or affidavit, to support or oppose a motion for summary judgment." Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689 (1st Cir. 1993)(citing 28 U.S.C. § 1746).

[5] Given that state claims will be dismissed without prejudice, the court focuses on Section 1983.

and Luis Ramos Navarro, Chief of Classification and Retribution in Human Resources (Docket No. 38-1 at p. 10).

By contrast, the complaint is silent as to Zamora when addressing the Appeals Director position: "In order to prevent the plaintiff from obtaining said position, and in order to appoint Wendy Lind Casado, a PDP militant, to the same, as in fact was done, the defendant Estrada Figueroa, in her capacity as CFSE Administrator, caused the requirements for said position to be changed… By eliminating said requisites, the position was 'tailor made' for attorney Lind Casado, a PDP militant, who did not meet the above stated requirements" (Docket No. 1 at ¶ 49). Likewise, the complaint is insufficient as to Zamora regarding the five Attorney I positions: "Of the five positions of Attorney I, for which the plaintiff qualified, not one was adjudicated to the plaintiff. Defendant Estrada Figueroa appointed five candidates to occupy the five available positions in the job opening convocation who were not the most qualified to occupy the positions of Attorney I, and had substantially less experience and less years in the profession than the plaintiff herein" (Docket No. 1 at ¶ 46).

Along the same line, the complaint does not reach Zamora in connection with the Legal Advisor I position. The closest it comes in alleging any involvement of Zamora is a generic reference to "defendants" in plural when it states that "[t]his latest action by the defendants particularly, by defendant Estrada Figueroa, evidences even more the political discrimination that continues against the plaintiff, solely because he is a member of the NPP, especially when the plaintiff had himself requested being transferred to the said position of Legal Counsel I of the CFSE, before being terminated in his position of Director of the Subrogation Division" (Docket No. 1 at ¶ 59). That is not enough. In fact, the second cause of action in the complaint, which zeroes in on failure to hire claims, falls astray by the wayside with respect to Zamora:

> Despite the fact that the plaintiff was the better qualified candidate for most, if not all, of the said job openings for which he applied, the defendants CFSE and Estrada Figueroa did not select the plaintiff for any of said positions. Instead, said defendants particularly the CFSE and/or Estrada Figueroa appointed other, less qualified candidates, who upon information and belief were members or sympathizers of the PDP. The defendants particulary, Estrada Figueroa, denied plaintiff employment at the CFSE after October of 2015, solely upon his political affiliation to the NPP.

(Docket No. 1 at ¶¶ 78, 79).

What is more, there is insufficient evidence in the record specifically referred to in opposition to the motion for summary judgment – contested or uncontested – for a reasonable jury to reasonably infer Zamora's involvement except in connection with the Director of Adjudications position.[6] As such, Zamora is entitled to prevail on this aspect of the case as a matter of law. See Febus-Cruz v. Sauri-Santiago, 652 F.Supp.2d 140, 147-48 (D.P.R. 2009)(dismissing all section 1983 claims against a defendant, the Director of Human Resources in the context of a 12(b)(6) motion when plaintiffs failed to include a single specific allegation against the defendant); Meléndez-Ramos v. Allison, 2007 WL 2464501, at *6-7 (D.P.R. Aug. 27, 2007)(holding in the context of a motion for summary judgment that plaintiff did not have a valid section 1983 claim against the Human Resources Director, for he did not allege that defendant was "sufficiently involved in the decision not to hire plaintiff").[7]

### B. Merit of Claims

Beyond the absence of Zamora's personal involvement, defendants argue that there is no evidence to support the failure to hire claims (Docket No. 13). The First Amendment prohibits

---

[6] While the letter of June 13, 2014 also refers to the Appeals Director position, it was not attached or referred to in the complaint.

[7] Although the complaint alleges (and Rodríguez adopted the allegations in a statement under penalty of perjury (Docket No. 37-2) that "[a]fter the plaintiff's employment was unlawfully terminated, the defendants, particularly defendants Estrada Figueroa and Zamora Santos, continued with a pattern of politically discriminatory practices against the plaintiff to prevent him from obtaining employment in another position within the CFSE" (Docket No. 1 at ¶ 39), this allegation is conclusory.

government officials from taking adverse employment action against a non-policy making government employee due to the employee's political affiliation. Welch v. Ciampa, 542 F.3d 927, 938 (1st Cir. 2008). To make out a *prima facie* case of political discrimination, plaintiff must show that (1) plaintiff and defendant have opposing political affiliations; (2) defendant was aware of plaintiff's affiliation; (3) an adverse employment action occurred; and (4) political affiliation was a substantial or motivating factor for the adverse action. Reyes-Orta v. Puerto Rico Highway and Transp. Authority, ---F.3d----, 2016 WL 285742, *4 (1st Cir. 2016); Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 236 (1st Cir. 2012).

First, failure to hire is considered an adverse employment action. See Rutan v. Republican Party of Illinois, 497 U.S. 62, 79 (1990)(holding that a government entity may not base hiring decisions for non-policymaking positions on party affiliation and support); Morales-Tañon v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 19 (1st Cir. 2008)(noting in dicta that a government entity's refusal to hire an employee constitutes an adverse employment action for the purposes of a Section 1983 political discrimination claim). Defendants admitted that Rodríguez unsuccessfully applied for eight positions (Docket Nos. 82-1; at 13–15, ¶¶ 10-17; 89-1, at 30-32, ¶¶ 10-17).

Second, Rodríguez claims to be affiliated to the NPP and that Estrada and Zamora were members of the PPD (Docket No. 38-1, at 8-9, ¶¶ 1-3, 6). In support, he relies on his unverified complaint. See Id.[8] The First Circuit, however, has held that a "nonmovant may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence

---

[8] Rodríguez included as Exhibit 2 for his response in opposition to the motion for summary judgment an unsworn statement under penalty of perjury (Docket No. 37-2). Paragraph two of this document states: "I affirm and attest that, prior to the filing of the Complaint in this case, I read and reviewed the same. I affirm and attest that I have personal knowledge of the facts stated in the Complaint and/or that the facts stated therein are supported by documents which I have read. I also affirm and attest that the facts stated in the Complaint are true and correct to the best of my knowledge and belief" (Docket No. 37-2 at ¶ 2). To defeat a motion for summary judgment, however, it is insufficient for Rodríguez to state under penalty of perjury that he knows that Estrada and Zamora are PDP members; he must give the court at least some sense as to what is his basis of knowledge that Estrada and Zamora are affiliated to the PDP in order to avoid plunging into speculation.

which would be admissible at trial to make out the requisite issue of material fact." Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991). And evidence that defendants knew of Rodríguez' political affiliation is faulty.[9]

Rodríguez states that he began his employment at the CFSE under an NPP administration, occupying various positions of trust (Docket No. 38-1, at 8-9, ¶ 2).[10] But in González-De-Blasini v. Family Department, the First Circuit held that plaintiff "adduced no evidence that the defendants knew she was a member of the NPP" when plaintiff alleged that "she was a well-known supporter of the NPP in the community, had held a previous trust position under the NPP administration, and was allegedly demoted shortly after the PDP assumed power." 377 F.3d 81, 85-86 (1st Cir. 2004). [K]nowledge of political affiliation cannot be merely established through . . . having held a trust/confidential/policymaking position in the outgoing administration. Román v. Delgado Altieri, 390 F.Supp.2d 94, 102-103 (D.P.R. 2005)(citing González-De-Blasini, 377 F.3d at 85-86).

Rodríguez asserts that in early 2015, while occupying the career position of Director of the Subrogation Division, he became the elected representative of the Federation of Management Employees of the CFSE before the Board of Appeals of the CFSE; that he ran against attorney Peter Serrano, who had been the PPD's candidate for Mayor of the City of Bayamón in the 2004 general election; that he was the first management employee of the CFSE affiliated to the NPP who has occupied the position of representative of the Federation; and that this fact was well known to the defendants, particularly defendant Estrada (Docket No. 38-1, at 9, ¶¶ 4-5)(citing in

---

[9] Rodríguez has again laid out facts only supported by his complaint (Docket No. 38-1, at 8-9, ¶¶ 2-6). Even assuming *arguendo* that he has cited properly admissible evidence in the summary judgment record, the second element of the *prima facie* case turns out to be yet another red light in a no-exit road.

[10] More specifically, under the administration of Governor Luis Fortuño. Governor Fortuño was the NPP's candidate for Governor in the 2008 general election. He was elected, and served as Governor from 2013 until 2016.

support the complaint at ¶¶ 16, 17). Even if for argument's sake these allegations were considered as evidence to be pondered by a jury, they are insufficient to muster enough ammunition to convince a reasonable fact finder that the defendants knew Rodríguez was affiliated to the NPP.

The court cannot take judicial notice of what the Federation is and whether this is an entity whose membership is circumscribed to members of the NPP. It would call for speculation. And the mere fact that somebody gets elected to the Board of Appeals does not necessarily imply that the person elected is a member of a particular party. Rodríguez does not contend, nor is there any evidence cited to in the opposition to the motion for summary judgment to suggest, that being affiliated to a particular political party is a prerequisite to become a member of the Board of Appeals. Likewise, simply because in the process of getting elected to the Board of Appeals Rodríguez ran against a former PDP mayor candidate, a jury cannot reasonably infer that defendants knew that he was an NPP member.

No evidence has been cited in the summary judgment record that would indicate that two PDP members could not run against each other in an election to sit in the Board of Appeals. And in the same way, the assertion that Rodríguez was the first CFSE management employee affiliated to the NPP to occupy the position of representative of the Federation before the Board of Appeals of the CFSE and that defendants so knew is utterly conclusory.

Third, the evidence is insufficient to show that the challenged personnel transactions stemmed from a politically based discriminatory animus. For political affiliation to be a motivating factor behind an adverse employment action, those responsible for the deprivation of constitutional rights must have had knowledge of plaintiffs' political affiliation, Mercado v. Varona-Méndez, Civ. No. 03-1897 (PG), 2005 WL 1505828, at *3 (D.P.R. June 24, 2005)(citing Goodman v. Pennsylvania Turnpike Comm'rs, 293 F.3d 655, 663-64 (3d Cir. 2002); González-

De-Blasini, 377 F.3d at 85), something Rodríguez has not shown. Besides, he failed to provide the names and political affiliation of those appointed to the Attorney I positions (positions 1757, 2231, 0026, 0029, and 1723) he applied to in December 2015 (Docket Nos. 38-1, at 10-11, ¶¶ 11-15; 82-1, at 14-15, ¶¶ 11-15; 89-1, at 31-32, ¶¶ 11-15), creating a fatal gap in the record. See Figueroa-Serrano, 221 F.3d at 8 (affirming summary judgment where "[plaintiffs] failed to provide names or other specific factual information supporting their claim that the Municipality replaced them with new hires from the PDP"). A similar reasoning, albeit with some modifications, revolves around the position of Legal Advisor I (position 3655) that Rodríguez applied for without success after being excluded from the list of eligible candidates (Docket Nos. 38-1, at 11, ¶ 16; 82-1, at 15, ¶ 16; 89-1, at 32, ¶ 16).

The CFSE appointed attorney Javier Torres Espino for the position (Docket Nos. 38-1, at 11, ¶ 16; 82-1, at 15, ¶ 16; 89-1, at 32, ¶ 16). The thrust of Rodríguez' argument is that, at the time, Torres had no prior experience practicing law, and that Rodríguez had much more experience than Torres, thus making him more qualified (Docket No. 38-1, at 11, ¶ 16; Docket No. 1 at ¶ 58). Yet Rodríguez did not even allege what Torres' political affiliation was at the time of the events at issue. The most he has come to allege in a generic fashion as to all the positions that he applied to is that "defendants particularly the CFSE and/or Estrada Figueroa appointed other, less qualified candidates, who upon information and belief were members or sympathizers of the PDP." (Docket No. 1, at 22, ¶78). But he does not appear to have firsthand knowledge of what Torres' political affiliation was and thus, lacks evidence to present to the jury to persuade its members by a preponderance of the evidence that Torres was not an NPP member.

Finally, Rodríguez faces the same hurdle with respect to the position of Director of Appeals (position 2401) he unsuccessfully applied to (Docket Nos. 38-1, at 11-12, ¶ 17; 82-1, at 15, ¶ 17;

89-1, at 32, ¶ 17). Instead, the CFSE hired attorney Wendy Lind Casiano for the position (Docket Nos. 38-1, at 11-12, ¶ 17; 82-1, at 15, ¶ 17; 89-1, at 32, ¶ 17). The complaint characterizes Lind as a "PDP militant." But even taking the allegations of the complaint as true –not the proper course of action when evaluating a motion for summary judgment –the evidence cited to in the record does not evince how Rodríguez knows that Lind is in fact an active member of the PDP. The nearest Rodríguez gets to so hinting is that Lind "occupied a position of trust in the PDP CFSE administration as "Director of Operations" and that "[b]efore occupying this position, she was the CFSE Carolina Regional Director, also a position of trust" (Docket No. 1 at 15, ¶ 50; Docket No. 37-2).

That said, it is not enough for a reasonable jury to find that Lind, who ended up occupying the position of Director of Appeals, was indeed a PDP member. See Martí-Novoa v. Fortuño-Burset, Civ. No. 09-1355 (JAG), 2012 WL 4508116, at *9 (D.P.R. Aug. 13, 2012) ("Plaintiff argues that she is an active member of the PDP who does not hide her political affiliation and that she held several trust positions with PDP administrations; however, such evidence is insufficient to conclude that [defendant] knew that she was a PDP member."), report and recommendation adopted, 2012 WL 4511531 (D.P.R. Sept. 28, 2012). Rodríguez has not met his burden of presenting enough evidence, contested or uncontested, for a reasonable jury to find in his favor on his failure-to-hire political discrimination claims.

C. **State Claims**

The complaint alleges violations of the "the pertinent provisions of the Commonwealth's Constitution and Articles 1802 and 1803 of the Puerto Rico Civil Code," based on the same factual circumstances underlying his political discrimination claims (Docket No. 1 at § 25). Because the

failure to hire claims will be dismissed, however, the court declines to exercise supplemental jurisdiction over the parallel state claims.

## IV. CONCLUSION

For the reasons stated, the motion for summary judgment (Docket No. 13) is GRANTED; the Section 1983 failure to hire claims are DISMISSED WITH PREJUDICE; and the parallel state claims are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2017.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge